# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Blake A. Warner,

    Plaintiff,

v.                                     Case No.: 8:26-cv-1173-WJF-TGW

OFFICER HOLLY WOOD, et al.,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, Dave Kerner, by and through undersigned counsel and pursuant to Rule 8 and 12 of the Federal Rules of Civil Procedure hereby files this Motion to Dismiss the Complaint and Demand for Jury Trial ("Complaint") because the Complaint is a proscribed shotgun pleading; failing to meet federal pleading requirements,  and the Complaint fails to state a claim against the Defendant.

## Preliminary Statement

Dave Kerner, as the Executive Director of the Florida Department of Highway Safety and Motor Vehicles (FLHSMV), oversees the Division of the Florida Highway Patrol (FHP). FHP officers are tasked with the

enforcement of "all laws now in effect regulating and governing traffic, travel, and public safety upon the public highways and providing for the protection of the public highways and public property thereon." *See s. 321.05 (1) Fla. Stat.*

## MEMORANDUM OF LAW

### I.      Standards Governing Motions to Dismiss

Under Fed. R. Civ. P. 12(b)(6), federal courts are authorized to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2); *Stevens v. Osuna,* 877 F.3d 1293, 1309 (11th Cir. 2017). A pleading fails to state a claim if it does not contain allegations that support recovery under any cognizable legal theory. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed. 2002); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). The pleader need not provide "detailed factual

2

allegations" to survive dismissal; however, the "obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 555 (2007). Thus, while the Court must accept well-pled *facts* as true, it need not assume the truth of conclusory allegations, nor are plaintiffs entitled to have the Court view unwarranted deductions of fact or argumentative inferences in their favor. *Id.* Importantly, the presumption of truth that accompanies well-pled facts is not the end of the *Iqbal* analysis. Instead, the Court must proceed to consider whether those allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681.

## II.   The Language of Section 316.2085 Florida Statutes is Plain and Unambiguous

Statutes come clothed with a presumption of constitutionality and must be construed whenever possible to effect a constitutional outcome. *See Fla. Dep't. of Revenue v. City of Gainesville,* 918 So.2d at 256 (quoting *Fla. Dep't of Revenue v. Howard*, 916 So.2d 640, 642 (Fla.2005)). For a plaintiff to prevail on a vagueness challenge he must establish that

the prohibitions in the law are not clearly defined and that ordinary people lack "fair notice of the conduct a statute proscribes." *See Dream Defenders v. Governor of Florida*, 119 F.4th 872, 878 (11th Cir. 2024) (citing *Sessions v. Dimaya,* 584 U.S. 148, 155–56, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018) (internal quotation marks omitted)). Further as to Plaintiff's equal protection claims, motorcycle riders are not a protected class and statutes regulating their conduct are subject to the rational basis test. *See. ABATE of Georgia, Inc. v. Georgia,* 137 F. Supp. 2d 1349, 1355 (N.D. Ga. 2001), *aff'd*, 264 F.3d 1315 (11th Cir. 2001). Plaintiff's reading of sections 316.2085 and 316.605, Fla. Stat. are implausible and not supported by the plain language of the statutory language in question. In section 316.2085 Fla. Stat. the Legislature clearly identified specific requirements for riding on a motorcycle or moped. This action by the Legislature is entirely within its authority and by enacting legislation puts all operators of motorcycles and mopeds on notice of these requirements. The language contained in section 316.2085(3) Fla. Stat. is clear and unambiguous and prescribes four different and distinct requirements for the display of a license tag on a motorcycle. First, a license tag on a motorcycle or moped must be permanently affixed. *Id*. For example this requirement prevents the use of

magnetic tag placement which would comply with the "securely fastened" provision of section 316.605 (1) Fla. Stat. but based on the proximity of the operator to the tag, could be easily removed by an operator or rider of a motorcycle or moped as the operator was travelling through toll plazas or subject to law enforcement actions. Second, the license tag must "remain clearly visible from the rear at all times". *See* section 316.2085(3) Fla. Stat. This requirement speaks to the tag itself, and enforcement is based on the facts and circumstance of how each tag is displayed. *Id*. Third, the statute identifies that, "[a]ny deliberate act to obscure the legibility of the license tag of a motorcycle is prohibited." *Id*. This provision requires a law enforcement officer to determine sufficient probable cause that obscuring of the legibility of the license tag was committed with deliberate intent. A law enforcement officer seeking to prove this element of the offense must obtain sufficient evidence to support the belief that the obscuring of the license tag was a result of a deliberate act. This language and intent requirement differs from the general tag provisions required under section 316.605(1) Fla. Stat. where "all letters, numerals, printing, writing, the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring

matter, so that they will be plainly visible and legible at all times from 100 feet from rear or front." S*ee* Section 316.605(1) Fla. Stat. Lastly, the statute permits alternative placement of a license tag allowing the tag to be displayed perpendicular to the ground with the numbers and letters reading from top to bottom. *Id.* The final sentence of section (3) reads as follows; "[n]otwithstanding the authorization to affix the license tag of a motorcycle or moped perpendicularly to the ground, the owner or operator of a motorcycle or moped shall pay any required toll pursuant to s. 316.1001 by whatever means available." *Id.* This final sentence provides critical insight into some of the rationale of the Legislature, all provisions of subsection 316.2085(3) Fla. Stat., with the exception of the perpendicular license tag placement, enhance toll enforcement.

Plaintiff contends that motorcycle riders are being treated unequally under Florida law as these motorists are subject to higher penalties for tag violations. However, motorcycles and motor vehicles are often treated differently under the law. As Plaintiff points out in his complaint motorcyclists are not required to carry automobile liability insurance, something motor vehicle operators are required to maintain. *See* Sections

316.211 and 324.022 Fla. Stat. and ECF No. 1 at ¶ 5. Additionally, motorcyclists are specifically allowed by section 316.2085(3) Fla. Stat. to place their license tag in a perpendicular manner, something not allowed for motor vehicle operators. The divergent treatment of various vehicle types under the law does not give rise to a Constitutional violation.

## III.   The Complaint is an Impermissible Shotgun Pleading.

The Complaint is a shotgun pleading that fails to satisfy Fed. R. Civ. P. 8 pleading requirements. Shotgun pleadings are proscribed because they prevent an adversary from being able to discern what is claimed against him or her, thus making it impossible to frame a responsive pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-23 (11th Cir. 2015) (citation omitted). Examples of objectionable shotgun pleadings were memorialized in *Weiland*, 792 F.3d at 1321-24, and include those complaints which are full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.

Here, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. Plaintiff relies upon conclusory, vague, and immaterial facts to support his

allegation that s. 316.2085 Fla. Stat., is violative of the 14th Amendment as to notice and vagueness theories as he contends this statute was erroneously utilized by Tampa Police Department Officers for an improper purpose. *See eg.,* ECF No. 1 at ¶ 4, 6, 12, 21, 22, 23, 24, and 25.

The Complaint fails to allege sufficient facts to support any claim that section 316.2085 (3) Fla. Stat., is vague or ambiguous. Rather, the Complaint essentially contends that the Legislature should have done more to define terms used in the statute rather than applying the plain common meaning of these terms. ECF No. 1 at ¶ 24, The words in a statute are afforded their plain meaning unless otherwise defined specifically in the statute.

## IV.    The Complaint Fails to State a Claim for Declaratory or Injunctive Relief.

A party seeking declaratory or injunctive relief in federal court must satisfy the same jurisdictional requirements prerequisite to the bringing of other suits. *Brown & Roote, Inc. v Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967); See Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985). Chief among these requirements is Article III's restriction on federal courts to "actual cases and controversies." U.S. Const. art. III, § 2, cl. 1. To

8

demonstrate Article III standing, a plaintiff must establish three elements: 1) an injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the plaintiff's alleged injury and the challenged action of the defendant; and (3) the likelihood, not merely speculation, that a favorable judgement will redress the injury. *Lujuan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted); *Jacobson v. Fla. Sec'y of St.*, 974 F.3d 1236, 1245 (11th Cir. 2020).

Here, Plaintiff has not asserted, nor can he assert, any facts against the Defendant FLHSMV to establish standing. Plaintiff has failed to allege: 1) any redressable injuries traceable to any conduct or acts on the Defendant FLHSMV's part; or 2) any impending threatened redressable injuries.

Executive Director Kerner is named in Counts IX-XIII. The Plaintiff does not plausibly allege an injury attributable to the FLHSMV. Rather, Plaintiff alleges that FLHSMV staff may enforce the provisions of section 316.2085 Fla. Stat. in the future (ECF No 1. At 20, 21, 22, 23, 24, and 25). Plaintiff fails to allege any past enforcement action by the FLHSMV.

Here, the Complaint fails to establish Plaintiff is entitled to declaratory or injunctive relief, as it lacks sufficient factual allegations demonstrating

9

Plaintiff has Article III standing to bring his claims. *See Supra* Section IV.

Because the Complaint has failed to establish Plaintiff has Article III

standing to bring his claims, the Complaint has also failed to demonstrate

the existence of an "actual case or controversy." *See e.g., Chafin v. Chafin*,

568 U.S. 165, 171 (2013) ("Article III of the Constitution restricts the power

of federal courts to 'cases' and 'controversies.'"); *Lujan,* 504 U.S. at 560.

Absent the existence of an "actual case or controversy", this Court lacks

jurisdiction to entertain Plaintiff's requested relief. The Complaint is

therefore due to be dismissed with prejudice.

## CONCLUSION

WHEREFORE, this honorable Court should dismiss Plaintiff's Complaint.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that the undersigned conferred with Plaintiff via

telephone on May 19, 2026, regarding this Motion to Dismiss. Plaintiff is

opposed to this Motion to Dismiss.

Respectfully submitted,

**Florida Department of Highway
Safety and Motor Vehicles**

10

By: /s/ *David Arthmann*
DAVID ARTHMANN
General Counsel
Florida Bar No. 50338
2900 Apalachee Parkway,
**Tallahassee, FL 32399**
(850) 617-3101
Email: DavidArthmann@flhsmv.gov
        TracyPowell@flhsmv.gov

Counsel for Defendant
**Dave Kerner**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2026, a copy of the foregoing

Notice of Appearance of Lead Counsel and Designation of Email Addresses

was served via the Court's electronic case filing system on the parties

receiving electronic notice in the above-referenced case and via U.S. Regular

Mail to the Plaintiff at 2211 S. Village Ave. Tampa, Florida 33612.

/s/ *David Arthmann*
DAVID ARTHMANN
General Counsel

11