Gmail

Blake Warner <blake@null3d.com>

## RE: Warner v. Wood, No. 8:26-cv-01173-WFJ-TGW — Notice regarding Defendant Kerner's Motion to Dismiss (Doc. 22)

1 message

**Blake Warner** <blake@null3d.com>                              Tue, Jun 2, 2026 at 8:01 PM
To: Ursula Richardson <Ursula.Richardson@tampagov.net>, Laytecia McKinney <Laytecia.McKinney@tampagov.net>
Cc: "Arthmann, David" <DavidArthmann@flhsmv.gov>, "Powell, Tracy" <TracyPowell@flhsmv.gov>

Good Evening Ms. Richardson,

I write to put the City on notice that the construction of Fla. Stat. § 316.2085(3) advanced in Defendant Kerner's Motion to Dismiss (Doc. 22, filed June 2, 2026) bears directly on the City's pending Motion for Summary Judgment, and that the City should respond to Kerner's motion if it intends to preserve a contrary position.

Kerner construes the statute's "deliberate act to obscure" clause as an intent element of which the officer must have probable cause (Doc. 22 at 5):

> [A]ny deliberate act to obscure the legibility of the license tag of a motorcycle is prohibited. . . . This provision requires a law enforcement officer to determine sufficient probable cause that obscuring of the legibility of the license tag was committed with deliberate intent. A law enforcement officer seeking to prove this element of the offense must obtain sufficient evidence to support the belief that the obscuring of the license tag was a result of a deliberate act.

Plaintiff agrees that intent is a required element. A scienter requirement answers the facial standardless / arbitrary-enforcement vagueness theory of Count X, and Plaintiff will not oppose dismissal of that facial theory on that ground.

The same construction governs the citation. If § 316.2085(3) requires probable cause of a deliberate act to obscure, Officer Wood had none. On Kerner's reading, there was no probable cause — arguable or actual — for the § 316.2085(3) citation.

That is the City's problem on Count IV. The City's summary-judgment papers defend the First Amendment retaliation claim by asserting that Officer Wood "had arguable and actual probable cause to issue the citation" (Doc. 11 at 18), which the City contends defeats the claim. See Nieves v. Bartlett, 587 U.S. 391, 402, 406–07 (2019) (probable cause generally defeats a retaliatory-arrest claim, subject to a narrow exception). If the Court adopts Kerner's construction, that defense loses its predicate: there is no arguable or actual probable cause for a § 316.2085(3) citation absent probable cause of a deliberate act to obscure. The City's fallback — that the statute chosen "does not matter" because reasonable suspicion existed "for any offense" (Doc. 11 at 13) — conflates the stop with the citation. The stop may rest on objective reasonable suspicion under § 316.605, which carries no intent element. See Whren v. United States, 517 U.S. 806, 810, 813 (1996). The citation — the adverse action under Count IV — was written under § 316.2085(3), which on Kerner's reading does require deliberate intent. The City's "no protected speech" defense and its § 316.605 stop argument remain; the probable-cause-to-cite defense does not.

The construction the Court adopts on Kerner's motion will be law of the case for the remainder of this action. See This That & The Other Gift & Tobacco, Inc. v. Cobb County, 439 F.3d 1275, 1283 (11th Cir. 2006). To the extent the City endorses or benefits from the intent reading and later seeks to contradict it, Plaintiff will also invoke judicial estoppel. See New Hampshire v. Maine, 532 U.S. 742, 749–51 (2001).

Accordingly, if the City intends to contend that intent is not a required element of § 316.2085(3) — and thereby preserve a basis for the citation and its probable-cause defense to Count IV — it should say so now, by responding to Kerner's motion and contesting the construction on the record. Plaintiff will treat silence as acquiescence and will oppose any later contrary argument as foreclosed by the law of the case.

best regards,
-Blake

This requirement speaks to the tag itself, and enforcement is based on the facts and circumstance of how each tag is displayed. *Id.* Third, the statute identifies that, "[a]ny deliberate act to obscure the legibility of the license tag of a motorcycle is prohibited." *Id.* This provision requires a law enforcement officer to determine sufficient probable cause that obscuring of the legibility of the license tag was committed with deliberate intent. A law enforcement officer seeking to prove this element of the offense must obtain sufficient evidence to support the belief that the obscuring of the license tag was a result of a deliberate act. This language and intent requirement differs from the general tag provisions required under section 316.605(1) Fla. Stat. where "all letters, numerals, printing, writing, the


**6a356f04-84f2-4629-87fb-390e61261536.pdf**
147K

