UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


**BLAKE ANDREW WARNER,**

        **Plaintiff,**               **Case No.:**   **8:26-cv-01173-WFJ-TGW**

**v.**

**OFFICER HOLLY WOOD, et al.**

        **Defendants.**

_____/


## DEFENDANT, HOLLY WOOD'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REQURING DEFENDANT HOLLY WOOD TO SUBMIT TO A RULE 35 EXMAINATION OF HER VISION

Defendant, HOLLY WOOD, by and through the undersigned Counsel, pursuant to Local Rule 3.01, does hereby Respond in Opposition to Plaintiff's Motion for an Order Requiring Defendant Holly Wood to Submit to a Rule 35 Examination of Her Vision, (**Dkt 25**), filed on June 17, 2026, and would state:

The decision to enter an order compelling an examination is within the sound discretion of the trial court. *Coca Bottling Co of Puerto Rico v Negron Torres*, 255 F.2d 149 (1st Cir. 1958). To compel an examination under Federal Rule of Civil Procedure 35, the physical or mental condition must be in controversy, and the requesting party must establish good cause for the examination. *Herrera v Lufkin Industries, Inc.*, 474 F.3d 675 (10th Cir. 2007). Warner, as the moving party, has the burden to establish that Wood's

eyesight is in controversy and similarly has the burden to establish good cause for the Court to order the examination. *Schlagenhauf v Holder*, 379 U.S. 104, 118-19 (1964).

Florida Statute § 316.2085(3), under which Warner was cited, mandates that the tag on a motorbike must be clearly visible from the rear at all times. Wood stopped Warner at 10:56 p.m., therefore, Florida law would require that Warner's tag be clearly visible from the rear at 10:56 p.m. The fact that a tag was undisputably present on Warner's motorbike, is not dispositive of whether the letters and numbers on the tag were "clearly visible" from the rear when Wood decided to conduct a traffic stop. As set forth in the Motion for Summary Judgment, the inability to observe a single character on the tag would provide reasonable suspicion to conduct a traffic stop. See *Johnson v. Nocco*, 91 F.4th 1114 (11th Cir. 2024)(finding it lawful for deputy to stop a vehicle towing a motorcycle when the trailer's license tag was obscured); *State v English*, 148 So.3d 529 (Fla. 5th DCA 2014)(finding officers had authority to make a traffic stop because at least one letter on license plate was unreadable); *Baker v State*, 164 So.3d 151 (Fla. 1st DCA 2015)(officer had authority to make a traffic stop because license plate was obstructed by trailer hitch).

To date, no substantive evidence has been discovered to establish the distance between Wood's location and Warner's motorbike on the date of incident. There is no evidence of Wood's position in relation to Plaintiff's position. There is no evidence that the lack of visibility of the motorbike tag was due to an issue with Wood's eyesight. Notably, the body-worn camera video demonstrates that the tag's visibility was impacted by the tag placement under the seat toward the front of the rear wheel

2

and a feature that extended out from the seat area. Visual acuity tests are typically performed in a clinical setting from approximately ten (10) to twenty (20) feet away from the test subject. Whether Wood can read an eye chart from 20 feet away would not establish whether Warner's tag was clearly visible from the rear when Wood observed Warner's motorbike. Whether Wood has any visual deficits or impairments would not establish whether Warner's tag was clearly visible from the rear. There is no substantive evidence regarding Wood's eyesight measurement on the subject incident date. There is no evidence that, or whether, Wood employed corrective vision measures on the subject date. There is no evidence that, or whether, Wood needed corrective measures on the subject date. There is no evidence of when, or whether, Wood's eyes had been examined by any eye professional before November 4, 2025.

An eye examination for Wood in 2026, more than six months after the subject incident, would not establish whether the tag was clearly visible from the rear in November 2025. An eye examination for Wood in 2026, more than six months after the subject incident would not establish what Wood could see from behind the wheel of her patrol car when this incident occurred. Since the question is whether the tag, as it appeared on the subject date, was clearly visible from the rear, Warner has other means and methods to demonstrate whether the tag was clearly visible from the rear, at 10:56 p.m. and such other methods would not require Wood to submit to a medical examination.

In sum, this Court should deny Warner's motion because Warner has only alleged possible relevance to the issue in question but has not set forth sufficient

3

justification to demonstrate that Wood's eyesight is dispositive of the ultimate legal issue in this case. The "in controversy" requirement requires Warner to demonstrate more than mere relevance. *Caban ex rel Crespo*, 200 FRD 176 (Ed NY 2001); *Peters v Nelson*, 153 F.R.D. 635 (N.D. Iowa 1994). Generalized allegations of a need for a medical examination of a party who has not affirmatively put into issue his own mental or physical condition should not be automatically ordered. *Schlagenhauf v Holder*, 379 U.S. 104 (1964). Finally, the motion should be denied because it fails to set forth the time of the examination, place of the examination, manner of the examination and the professional, and their qualifications, who is proposed to perform the examination, as required by Rule 35(a)(1)(B).

For the foregoing reasons, Defendant, HOLLY WOOD, asks that this Honorable Court deny Warner's Motion; find that Wood's eyesight is not "in controversy"; find that Warner has not shown "good cause" to order Wood to undergo a Rule 35 examination; and grant such other relief as the Court find just and appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing motion was filed on **June 18, 2026**, with the Clerk of Court using CM/ECF which will send a notice to: David Arthmann, Esquire, Florida Department of Highway Safety and Motor Vehicles, 2900 Apalachee Parkway, Tallahassee, FL 32399, DavidArthmann@flhsmv.gov; TracyPowell@flhsmv.gov, and has been served on Blake Warner via email:

**Blake Warner**
**2211 S. Village Avenue**
**Tampa, FL 33612**

4

blake@null3d.com

**SCOTT STEADY, CITY ATTORNEY**
**CITY OF TAMPA**

By:    /s/ Ursula D. Richardson
    Ursula D. Richardson
    Chief Assistant City Attorney
    FBN:  0064467
    315 E. Kennedy Boulevard, 5th Floor
    Tampa, FL  33602
    (813) 274-7205 Telephone
    (813) 274-8894 Facsimile
   Counsel for Defendant, Wood
   Email: Ursula.Richardson@tampagov.net
    Laytecia.McKinney@tampagov.net

5